### In re MILLER.

No. 39760.

District Court, E. D. New York.

Aug. 8, 1941.

Abraham R. Zaldin, of Brooklyn, N. Y., for trustee for the motion.

David M. Markowitz, of Brooklyn, N. Y., for bankrupt, opposed.

CAMPBELL, District Judge.

This is a motion for an order vacating the petition to review filed by the bankrupt of an order made and entered by Edward C. McDonald, Esq., referee in bankruptcy, on July 11th, 1941, and to confirm said order in all respects.

The order in question granted the trustee's motion to obtain disability payments due on the four policies of life insurance had by the above named bankrupt with the Equitable Life Assurance Society of the United States, based upon the ground that said disability payments were not exempt against the trustee, since the indebtedness of the sole creditor listed in the bankrupt's schedules antidated the effective date of the exemption statute to-wit, Section 166 of the New York State Insurance Law (previously § 55-b) Chapter 28, of the Consolidated Laws.

The report of the referee is confirmed, and the motion granted on the opinion of the referee, dated June 7th, 1941, to which I will only add that in any event the amount for which the notes were given constituted an existing indebtedness at and before their making on March 20th, 1934, which was before May 14th, 1934, when Section 55-b now Section 166 took effect.

The indebtedness existed when the notes were given and did not arise on the dates when the notes fell due. The effect of the giving of the notes was to extend the time within which payment of the indebtedness existing at the time of their making could be demanded.